1                                                               O

2

3

4
                    UNITED STATES DISTRICT COURT
5
                    CENTRAL DISTRICT OF CALIFORNIA
6
                                        | Case No. 2:17-CV-03754 (VEB)
7
   JULIAN M. RODRIGUEZ,
8
                        Plaintiff,      | DECISION AND ORDER
9
   vs.
10
   NANCY A. BERRYHILL, Acting
11 Commissioner of Social Security,

12                     Defendant.

13
                          **I. INTRODUCTION**
14
       In July of 2013, Plaintiff Julian M. Rodriguez applied for Disability Insurance
15
   Benefits and Supplement Security Income benefits under the Social Security Act.
16
   The Commissioner of Social Security denied the applications.  Plaintiff, represented
17
   by Lawrence D. Rohlfing, Esq., commenced this action seeking judicial review of
18

19

20                                     1

the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12, 13, 20, 21). On November 29, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 19).

## II. BACKGROUND

Plaintiff applied for benefits on July 22, 2013, alleging disability beginning August 2, 2012. (T at 158-64, 165-76).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On October 15, 2015, a hearing was held before ALJ Michael Radensky. (T at 42). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 45-53). The ALJ also received testimony from Carmen Roman, a vocational expert (T at 53-56).

On November 19, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 23-41). The ALJ's decision became the Commissioner's final decision on March 22, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-9).

---

[1] Citations to ("T") refer to the transcript of the administrative record at Docket No. 16.

DECISION AND ORDER – RODRIGUEZ v BERRYHILL 2:17-CV-03754-VEB

On May 18, 2017, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on September 14, 2017. (Docket No. 15). Plaintiff moved for summary judgment on October 16, 2017. (Docket No. 17). Defendant filed a summary judgment motion on November 15, 2017. (Docket No. 18).

After reviewing the pleadings, motion papers, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

**III. DISCUSSION**

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – RODRIGUEZ v BERRYHILL 2:17-CV-03754-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 2, 2012 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2017. (T at 31). The ALJ found that Plaintiff's diabetes mellitus was a "severe" impairment under the Act. (Tr. 31).

1    However, the ALJ concluded that Plaintiff did not have an impairment or

2    combination of impairments that met or medically equaled one of the impairments

3    set forth in the Listings. (T at 33).

4        The ALJ determined that Plaintiff retained the residual functional capacity

5    ("RFC") to perform the full range of medium work as defined in 20 CFR § 416.967

6    (c). (T at 33). The ALJ found that Plaintiff could perform his past relevant work as

7    an auto parts delivery driver. (T at 36).

8        As such, the ALJ concluded that Plaintiff was not entitled to benefits under

9    the Social Security Act from August 2, 2012 (the alleged onset date) through

10   November 19, 2015 (the date of the ALJ's decision). (T at 36-37). As noted above,

11   the ALJ's decision became the Commissioner's final decision when the Appeals

12   Council denied Plaintiff's request for review. (T at 1-9).

13   **D.    Disputed Issues**

14       As set forth in his moving papers, Plaintiff offers a single argument in support

15   of his claim that the Commissioner's decision should be reversed. Plaintiff contends

16   that the ALJ did not adequately account for the findings of Dr. David Paikal, who

17   performed a consultative ophthalmological examination.

18

19

20

DECISION AND ORDER – RODRIGUEZ v BERRYHILL 2:17-CV-03754-VEB

# IV. ANALYSIS

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. David Paikal performed a consultative ophthalmological examination in March of 2014.  Dr. Paikal assessed 20/40 visual acuity in both of Plaintiff's eyes. (T at 398).  He diagnosed early cataracts and background diabetic

DECISION AND ORDER – RODRIGUEZ v BERRYHILL 2:17-CV-03754-VEB

retinopathy. (T at 398). Dr. Paikal reported that Plaintiff did not require any assistance to enter the examination room or sit in the examination chair. (T at 398). Dr. Paikal also performed visual field testing and provided the results as a supplement to his report. (T at 399-400).

Although the ALJ referenced Dr. Paikal's opinion and discussed the visual acuity findings, he did not specifically mention the visual field testing results. (T at 35). Plaintiff argues that the visual field testing results suggest vision problems inconsistent with the conclusion that he could perform his past relevant work as an auto parts delivery driver.

This Court finds the ALJ's decision supported by substantial evidence. The ALJ gave weight to the opinion of Dr. John Vorhies, Jr., a State Agency review physician. (T at 35). In April of 2014, Dr. Vorhies reviewed and summarized the record, including the visual field testing results from Dr. Paikal, and concluded that Plaintiff's visual impairments had no more than a minimal effect on his ability to perform work activities. (T at 66).

The ALJ was entitled to rely on this assessment of the visual field testing results, which is not contradicted by other evidence in the record. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians,

DECISION AND ORDER – RODRIGUEZ v BERRYHILL 2:17-CV-03754-VEB

psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation."). The fact that the ALJ did not specifically reference the visual field testing results is not dispositive. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012)("The ALJ is not required to discuss every piece of evidence."). The ALJ clearly considered Dr. Paikal's assessment (T at 35) and reasonably relied on Dr. Vorhies's interpretation of that assessment, including the visual field testing results.

The ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. The ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants,

and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment (Docket No. 17) is DENIED; the Commissioner's motion for summary judgment (Docket No. 18) is GRANTED; and

Judgment shall be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 25th day of September, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – RODRIGUEZ v BERRYHILL 2:17-CV-03754-VEB